UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                               Criminal Case No. 01-80571
                                               Hon. John Corbett O'Meara

MILTON "BUTCH" JONES, et al.

      Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT JONES'S MOTION TO DISMISS COUNT ONE TO AVOID PREJUDICE OF A MULTIPLICITOUS INDICTMENT**

On February 18, 2005, Defendant Melvin "Butch" Jones moved to dismiss Count One of the Second Superceding Indictment, claiming the indictment is multiplicitous and therefore prejudicial. The government filed a response on April 15, and the defendant filed a reply on April 18. The court heard oral argument on April 19. For the following reasons, Jones's motion is denied without prejudice.

Count One of the Second Superceding indictment charges Jones, Raymond Canty, and Eugene Mitchell with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. Count Two charges Jones with organizing, supervising, and managing a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848(a)(c). Count Two incorporates the conspiracy in Count One by reference as one of the three violations necessary for a Continuing Criminal Enterprise charge. Count One includes most of the factual allegations underlying both the conspiracy and the CCE.

In Rutledge v. United States, 517 U.S. 292 (1996), a unanimous United States Supreme Court held that a drug conspiracy count was a lesser included offense of a CCE count, and as

such, a defendant could not be punished twice for violating both of these counts. Jones argues that in this case, Count One is likewise a lesser included offense of Count Two, and therefore the indictment is multiplicitous. Because Jones can not be punished twice for both conspiracy and CCE, Jones argues he should not be charged twice either. Jones claims a multiplicitous indictment might cause prejudice by suggesting the defendant has committed more criminal violations than the law or Congress intended. Jones is especially concerned about the impact on the potential sentencing phase of the trial, where the indictment might lead the jury to believe he committed more crimes than he actually has committed. Combining the Double Jeopardy principle the fundamental fairness principle of the Fifth Amendment, and the Eighth Amendment's prohibition against cruel and unusual punishment, Jones asks the court to dismiss Count One.

In general, a defendant may be prosecuted both a lesser included and greater offense, even if the defendant may not be punished for both counts. The Supreme Court "has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case." Ball v. United States, 470 U.S. 856, 859 (1985). The district court has the discretion to require the government to elect between multiplicitous counts when there is a risk of prejudice to a defendant. United States v. Throneburg, 921 F.2d 654, 657 (6th Cir. 1990).

The court does not believe that the conspiracy count should be dismissed for multiplicity at this stage in the proceedings. Dismissal of a count is an extreme remedy that should be used only in rare cases, and the potential prejudice to the defendant in this situation is remote. The crimes of conspiracy and CCE are extremely interrelated in this case. The primary distinction is

that to prove a CCE violation, the government must prove that Jones was the organizer or manager of the alleged criminal enterprise, while to prove the conspiracy count the government need only prove that he was a participating co-conspirator. Jones concedes that the jury would have to consider the alternative crime of conspiracy whether or not the indictment actually lists it as a separate offense. Because the conspiracy and the CCE counts both deal with the same underlying conduct, dismissing the conspiracy count will not impact the evidence that will be presented to the jury. Moreover, it is not clear that the jury will necessarily even see the indictment in this case. The court and the parties in their arguments can adequately explain the distinction between the conspiracy and CCE counts to the jurors. Any risk of prejudice can be adequately mitigated by a jury instruction and specialized form of verdict that would prevent the jury from convicting the defendant of both conspiracy and CCE. To dismiss the conspiracy count at this stage in the proceedings, almost four years after the initial indictment was filed, to prevent what the court determines is an extremely remote risk of prejudice, might unnecessarily delay the proceedings.

That said, as the court made clear during oral argument, in a case where the death penalty is at stake, all reasonable efforts should be made to remove even a remote risk of prejudice. The court also notes that this is a case where the jury, as opposed the judge, might be required to make a sentencing decision. If, after the proofs have been submitted, but before the closing arguments and jury instructions have occurred, the court believes that there is a palpable risk of prejudice by bringing both the conspiracy and CCE counts before the jury, the court may reconsider its decision.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Jones's February 18, 2005

Motion for Dismissal of Count 1 to Avoid Prejudice from Multiplicitous Indictment is **DENIED**.

                          s/John Corbett O'Meara
                          John Corbett O'Meara
                          United States District Judge

Dated:  May 31, 2005