UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Case No. 01-80571

v.

        Hon. John Corbett O'Meara

MILTON "BUTCH" JONES, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT JONES'S
MOTION TO DISMISS COUNT 2 OF THE SECOND SUPERSEDING INDICTMENT**

    Before the court is Defendant Milton Jones's Motion to Dismiss Count 2 of the Second Superseding Indictment because it fails to Allege a Violation of 21 U.S.C. § 848(a)(C), filed February 17, 2005. The government submitted a response on April 12, 2005. The court heard oral argument on April 19, 2005, and took the matter under advisement. For the reasons stated below, Defendant's motion is denied.

**BACKGROUND FACTS**

    Defendants Milton "Butch" Jones, Raymond Canty, and Eugene Mitchell, among others, were indicted on June 27, 2001. The original charges included conspiracy to distribute cocaine and marijuana, continuing criminal enterprise, and intentional killing. The government filed a notice of its intent to seek the death penalty against Jones, Canty, and Mitchell on February 6, 2003, pursuant to 21 U.S.C. § 848(h). A second superseding indictment against Jones, Canty, and Mitchell was returned on June 25, 2003. The second superseding indictment essentially reiterated the original charges, but also contained "special findings" of the grand jury. The "special findings" include the aggravating factors that make these defendants eligible for the

death penalty under 21 U.S.C. § 848.

The second superseding indictment contains the following charges: Count One, conspiracy to possess with intent to distribute and to distribute controlled substances: cocaine and marijuana (all Defendants); Count Two, 21 U.S.C. § 848(a)(c) – continuing criminal enterprise (Jones); Count Three, 21 U.S.C. § 848(c)(1)(A) – intentional killing of Mark Grice (Jones); Count Four, 21 U.S.C. § 848(c)(1)(A) – intentional killing of Antoine Carruthers (Jones); Count Five, 18 U.S.C. §3, accessory after the fact to killing of Antoine Carruthers (Canty); Count Six, 21 U.S.C. § 848(c)(1)(A); 18 U.S.C. § 2, intentional killing of Misha Deandre Dorsey and aiding and abetting (Canty and Mitchell).

On January 14, 2002, Defendant Jones filed a motion requesting, among other things, that the court dismiss the original continuing criminal enterprise ("CCE") count because it failed to sufficiently allege a criminal offense. (This was Count Three in the original indictment.) Specifically, Jones argued that the CCE count failed to expressly allege the necessary three predicate violations that the government is required to prove. The court held a hearing on Jones's motion on April 18, 2002. On April 25, 2002, the court issued an opinion and order denying the motion. The court held that it was not necessary for the predicate offenses to be plead with particularity in the indictment.

On February 17, 2005, Jones filed a second motion to dismiss the CCE count (now Count Two of the second superseding indictment), again arguing that it is defective because it fails to allege three predicate violations. Jones argues that the court should revisit this issue because (1) the second superseding indictment changes "one of the three predicate offenses alleged in the CCE offense entirely and [changes] the substance of another"; (2) the government is now

seeking the death penalty; and (3) recent Supreme Court cases mandate that the government must present the three predicate violations it intends to prove to the grand jury and plead them with sufficient particularity in the indictment.  Jones does not explain how the first two grounds should change the court's decision.  As for Jones's third ground, the government responds that (1) it is not required to allege the three predicate offenses with specificity; and (2) in any event, it has alleged the three predicate offenses in the second superseding indictment to give Jones sufficient notice.

## LAW AND ANALYSIS

In order to convict a defendant of engaging in a continuing criminal enterprise, the government must prove:

> (1) that the defendant committed a felony violation of federal narcotics laws; (2) *that the violation was part of a continuing series of three or more drug offenses committed by the defendant*; (3) that the defendant committed the series of offenses in concert with five or more persons; (4) that the defendant acted as an organizer, supervisor, or manager with regard to these five or more persons; and (5) that the defendant obtained substantial income or resources from this series of violations.

United States v. Burns, 298 F.3d 523, 535 (6th Cir. 2002) (emphasis added).  In Richardson v. United States, 526 U.S. 813 (1999), the Supreme Court held that a jury in a CCE case must unanimously agree that the defendant committed a "continuing series of violations" *and* must unanimously agree which specific violations make up the "continuing series."  Relying in part upon Richardson, in which the Court found that each violation was a "separate element" of the offense, Jones contends that the government must specify the "three or more drug offenses" committed by the defendant in the indictment.

In support of this argument, Jones notes that Supreme Court has recently reaffirmed

several times the general principle that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Jones v. United States, 526 U.S. 227, 243 n.6 (1999). See also Ring v. Arizona, 536 U.S. 584, 609 (2002) (aggravating factors making defendant eligible for death penalty are functional "elements" of offense and must be charged in indictment).

Jones argues that, because each predicate violation is a separate "element" of the CCE offense, the government must charge three predicate violations with specificity in the indictment. The Sixth Circuit has held, however, that the government need not allege "three specific drug transactions" in the indictment in order to properly charge a CCE offense. Burns, 298 F.3d at 535. See also United States v. Flaharty, 295 F.3d 182, 197 (2d Cir. 2002) ("Although Richardson requires that the jury be unanimous on each of the constituent felonies, we have held that an indictment that does not identify which of many alleged felonies constituted the series is not thereby defective."). But see United States v. Joyner, 313 F.3d 40, 47-48 (2d Cir. 2002) (indictment that failed to identify which three violations served as the predicate for the CCE charge was "deficient under Richardson").

In any event, the government contends that the indictment gives Jones sufficient notice of the three predicate violations of the CCE charge. The first predicate violation is the drug conspiracy charge in Count One. See United States v. Ziskin, 360 F.3d 934, 948 (9th Cir. 2003) ("The government may use any type of drug violation as a predicate offense, including drug conspiracy charges that cover periods within the life of the CCE."); United States v. Miller, 116

F.3d 641, 678 (2d Cir. 1997).  The government further notes that, in addition to the conspiracy, each act of drug distribution underlying the drug conspiracy also constitutes an individual predicate violation.  See United States v. Soto-Beniquez, 356 F.3d 1, 26 (1st Cir. 2004); Burns, 298 F.3d at 535.

The second predicate violation identified in the indictment is Count Five, accessory to murder, which charges that co-defendant Raymond Canty assisted Jones in the murder of Antoine Carruthers by acting as an accessory after the fact.  Jones asserts that Count Five cannot be a predicate violation because "it does not allege an offense" by Jones, but only charges Canty.  Although the government disagrees with Jones's legal analysis, it has offered to strike from the CCE count any reference to Count Five as a predicate violation.  The government notes that in response to Jones's original motion (filed in 2002), it provided notice that it would be relying on Count Four (intentional killing of Antoine Carruthers) as a predicate violation supporting the CCE count.  The government reiterated that notice in its most recent response brief.  See Govt. Br. at 5-6.

The third predicate violation identified in the indictment is Count Six, which charges Canty and Eugene Mitchell with the intentional killing of Misha Deandre Dorsey.  Jones again argues that this cannot be a predicate violation because he is not charged in Count Six.  The government responds that, just as in a conspiracy, a CCE defendant is liable for reasonably foreseeable crimes committed by subordinates or co-managers of the enterprise.  United States v. Hoover, 246 F.3d 1054, 1057-58 (7th Cir. 2001) (holding that "the CCE convictions are valid whether or not [the defendant] and the other leaders personally committed the predicate offenses on which the CCE convictions depend"); see also United States v. Phibbs, 999 F.2d 1053, 1085

n.16 (6th Cir. 1993).  Accordingly, it appears that Count Six is a sufficient predicate violation supporting the CCE count.

In sum, it does not appear that the three predicate violations need be specifically charged in the indictment.  Nonetheless, in the instant case, the government has charged three predicate violations supporting the CCE count in the second superseding indictment and has given Defendant Jones sufficient notice of the predicate violations upon which it will rely at trial. See, e.g., Soto-Beniquez, 356 F.3d at 25-26 ("Where the CCE count of an indictment does not list the specific predicate offenses but those offenses are alleged in other counts of the indictment, courts have generally held that defendants have received actual notice of the charges and no reversible error has occurred.").

Accordingly, IT IS HEREBY ORDERED that Defendant Jones's February 17, 2005 Motion to Dismiss Count 2 of the Second Superseding Indictment is DENIED.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated:  May 31, 2005