UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MILTON "BUTCH" JONES, et al.,

       Defendants.
_____/

Case No. 01-80571

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING DEFENDANT JONES'S
MOTION FOR RECONSIDERATION OF ORDER
DENYING MOTION TO DISMISS COUNT 2 OF THE INDICTMENT**

Defendant Milton "Butch" Jones is charged with conspiracy to distribute cocaine and marijuana, directing a continuing criminal enterprise ("CCE"), and intentional killing. To prove a CCE violation, the government must prove that "the violation was part of a continuing series of three or more drug offenses committed by the defendant." United States v. Burns, 298 F.3d 523, 535 (6th Cir. 2002). On January 14, 2002, Jones filed a motion requesting, among other things, the dismissal of the CCE count because it failed to expressly allege three predicate drug trafficking violations. The court heard oral argument on this motion on April 18, 2002, and issued an opinion and order denying the motion on April 25, 2002. The court held that it was not necessary to plead the predicate offenses with particularity in the indictment.

On February 17, 2005, Jones filed a second motion to dismiss the CCE count because of failure to specifically allege three predicate violations. The government filed a response on April 12, 2005, and Jones filed a reply on April 15, 2005. The court heard oral argument on April 19, 2005, and filed an opinion denying the motion on May 31, 2005. On June 7, 2005,

Jones filed a motion for reconsideration pursuant to E.D. Mich. LR 7.1(g).  For the following reasons, this motion is denied.

The standards governing motions for reconsideration are set forth in the Eastern District of Michigan's Local Rule 7.1(g)(3):

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Defendant notes that the May 31, 2005 opinion did not refer the cases he cited in his April 15, 2005 reply brief and apparently believes the court may have overlooked these cases when making its decision.  The court did consider the April 15, 2005 reply brief before it issued the May 31, 2005 opinion, but it did not find the cases cited persuasive.  Defendant's motion for reconsideration does not raise any new arguments, but merely attempts to reemphasize the arguments previously made to the court.  The arguments are still not persuasive.

First, the government has sufficiently alleged three predicate offenses by pointing to the drug conspiracy charge and the many individual drug transactions underlying this charge.  As this court has already noted in the May 31, 2005 opinion, "the Government need not allege 'three specific drug transactions' in the Indictment in order to properly charge a CCE offense."  United States v. Burns, 298 F.3d 523, 535 (6th Cir. 2002).  Defendant claims that the recent Sixth Circuit decision in United States v. Harris, 397 F.3d 404 (6th Cir. 2005) overruled its previous decision in Burns.  Defendant's reliance on Harris is misplaced.  In Harris, a criminal defendant was given a mandatory minimum sentence because the district court judge made a factual

finding that the defendant possessed a firearm during the commission of a drug trafficking offense. The firearm charge, which the court determined was not a sentencing factor but was instead an element of an offense, was not brought before the jury. The Sixth Circuit found that this factual finding by the district court violated the principle of United States v. Booker, 125 S. Ct. 738 (2005), that a fact which might increase a sentence must be found by a jury or admitted by the defendant. Id. at 414. The Harris court explicitly limited its holding to the statutory mandatory minimum for firearm possession in 19 U.S.C. § 924. Id. In that case, while the firearm possession was an element of an offense, it was still very similar to a sentencing enhancement factor under the sentencing guidelines. In this case, no such similarity exists. The CCE statute is not similar to a sentencing enhancement; it seeks to punish the actions of the ringleaders of drug conspiracies, who are often able to insulate themselves from actual criminal conduct. The three predicate offenses in the CCE statute are not automatic triggers for increased sentences like § 924; they are instead minimum elements of an entirely new offense which is very similar to a conspiracy offense.

     Moreover, the government plans to prove three predicates to the jury in this case. The judge in this case has not and will not make a factual determination that three predicate offenses occurred. The jury will make that determination, and Jones has been sufficiently put on notice of the parameters of the drug conspiracy that contains the three predicate offenses. Booker is much more clearly applicable to § 924 than it is to the predicate elements of the CCE statute. Burns is still good law, and the Government has met the pleading requirements to properly charge a CCE offense.

As the court noted in its May 31, 2005 opinion, even if the government were required to allege three predicate offenses with specificity, it has done so in this case by alleging the drug conspiracy and the intentional murders of two individuals, which occurred in furtherance of that conspiracy. That Jones is not specifically noted as a defendant in one of the murders is not material. The murder is sufficient to form one of the three predicate offenses for the purposes of meeting the requirements of the CCE statute if the murder occurred in furtherance of the CCE.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Jones's June 7, 2005 Motion for Reconsideration of Order Denying Motion to Dismiss Count 2 of the Indictment is **DENIED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: July 6, 2005