UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MILTON "BUTCH" JONES, *et al.*,

    Defendants.
_____/

Case No. 01-80571

Honorable John Corbett O'Meara

## OPINION AND ORDER REGARDING SEVERANCE

This matter came before the court on defendant Milton "Butch" Jones's February 13, 2004 renewed motion for severance; his February 19, 2004 Motion for Severance of Defendants at Penalty Phase; and defendant Raymond Canty's February 27, 2004 motion for severance. The government filed responses December 16 and 17, 2004. Oral argument was heard January 21, 2005.

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to charge two or more defendants in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Rule 14, however, permits relief from prejudicial joinder as follows:

> If the joinder of offenses and defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The United States Supreme Court has advised that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence," and that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993).

In this case the court has considered Defendants' arguments regarding the issue of severance and finds that a trial involving all three defendants poses a serious risk of compromising specific trial rights of the defendants. The prejudice to the defendants is not likely to be purged by special instructions to the jury. The ends of justice require that defendant Jones be severed from defendants Canty and Mitchell. Therefore, the court will grant defendant Jones's motion for severance.

## ORDER

It is hereby **ORDERED** that defendant Jones's February 13, 2004 motion for severance [Docket No. 381] is **GRANTED.**

It is further **ORDERED** that defendant Jones's February 19, 2004 motion for severance at the penalty phase [Docket No. 382] is **DENIED AS MOOT.**

It is further **ORDERED** that defendant Canty's February 27, 2004 motion for severance [Docket No. 399] is **DENIED AS MOOT.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: October 5, 2005