UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 01-80571

Honorable John Corbett O'Meara

v.

MILTON "BUTCH" JONES,

        Defendant.
                                           /

**ORDER DENYING DEFENDANT'S MARCH 11, 2014
MOTION FOR SENTENCE MODIFICATION**

This matter came before the court on defendant Milton "Butch" Jones' March 11, 2014 motion for sentence modification. The government filed a response June 3, 2014; and Defendant filed a reply June 23, 2014. No oral argument was heard.

On January 5, 2016, defendant Jones pleaded guilty, pursuant to a Rule 11 plea agreement, to Count Two of a second superseding indictment charging continuing criminal enterprise in violation of 21 U.S.C. §§ 848(a) and (c). Although the calculated sentencing guideline rage reflected in the plea agreement was life imprisonment, the parties agreed that if defendant Jones provided substantial assistance in the prosecution of others, the government would request a departure pursuant to U.S.S.G. § 5K1.1 to 360 months' incarceration. On May 12, 2008, this court granted the government's motion for downward departure and sentenced defendant Jones to a term of 360 months.

Defendant Jones challenged his sentence and guilty plea, but both were affirmed by the United States Court of Appeals for the Sixth Circuit June 2, 2011. Rehearing was denied June 20, 2011. Defendant Jones subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255;

and that was denied August 14, 2012. On March 19, 2013, defendant Jones petitioned for a certificate of appealability, claiming, among other things, that adequate consideration had not been given to the scope of cooperation he had supplied the government in determining the amount of departure from his life sentence calculated guideline range. The certificate of appealability was denied July 25, 2013. On February 18, 2014, the Sixth Circuit denied defendant Jones' petition to file a successive § 2255 petition.

Defendant Jones filed this motion March 11, 2014, claiming, once again, that adequate consideration had not been given to the scope of his cooperation. This time defendant Jones has cited 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2254 for relief. However, neither is applicable to his case. Under the first, a court may reduce a term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." There are no policy statements issued by the Sentencing Commission under which defendant Jones claims he is entitled to a reduction in his sentence. Second, Section 2254 permits application to a federal court for a writ of *habeas corpus* "on behalf of a person in custody pursuant to the judgment of a State court." The statute is inapplicable to this case, as defendant Jones' conviction is a federal conviction, not a state conviction.

Finally, the only issue presented in defendant Jones' current motion has been addressed repeatedly by this court, as well as by the appellate court. As this court stated in the order denying his § 2255 motion, "Jones received the full benefit of his contractual bargain with the government; he received 360 months instead of a life sentence. Additionally, the government dropped the remaining charges and refrained from seeking the death penalty." August 14, 2012 Order at 6. Accordingly, defendant Jones is collaterally estopped from relitigating the same issue.

## ORDER

It is hereby **ORDERED** that defendant Milton "Butch" Jones' March 11, 2014 motion for sentence modification is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: August 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 18, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
