UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 01-80571
                                                                   Hon. Mark A. Goldsmith

vs.

MILTON BUTCH JONES,

    Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT MILTON BUTCH JONES'S MOTION FOR**
**COMPASSIONATE RELEASE (Dkt. 844)**

Defendant Milton Butch Jones pleaded guilty to continuing criminal enterprise, in violation of 21 U.S.C. § 848(a). See Judgment (Dkt. 676). Judge John Corbett O'Meara sentenced Jones to 360 months' imprisonment on May 13, 2009. Id.[1] Jones, age 65, began serving his custodial sentence his sentence in June 2001, when he was first arrested on federal charges. He is now incarcerated at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. Jones's projected statutory release date, which takes into account credit for good behavior, is January 20, 2027. His full-term release date is June 28, 2031.

On December 10, 2020, Jones filed the instant motion for compassionate release, arguing that his multiple health conditions—which include end stage renal failure, type II diabetes mellitus, asthma, hypertension, and obesity–render him higher risk for severe illness from COVID-19 (Dkt. 844). After filing his motion, Jones tested positive for the virus. Fortunately, Jones's health records indicate that as of December 29, 2020, Jones's COVID-19 diagnosis was in "remission." BOP Medical Records, Ex. B to Def. Supp. Submission (Dkt. 859-2). For the reasons that follow, the Court denies Jones's motion.

I.       **LEGAL STANDARD**

---

[1] This case was reassigned to the undersigned on November 29, 2018.

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020).  Before granting a compassionate-release motion, a district court must engage in a three-step inquiry: (i) the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  If all of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so.  18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the Sixth Circuit recently held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13.  Jones, 980 F.3d at 1109.  It further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

## II.   ANALYSIS

The Government, citing an abundance of case law, argues that compassionate release is not warranted because Jones has already contracted and recovered from COVID-19.  Gov. Resp. at 21-27 (Dkt. 853).  In response, Jones argues that compassionate release is still warranted because he remains vulnerable to reinfection.  Def. Reply at 4 (Dkt. 855).

As the Government notes, multiple courts, including several courts within this district, have declined to grant compassionate release where a defendant has tested positive for COVID-19 and

2

subsequently recovered. See, e.g., United States v. Lawrence, No. 17-CR-20259, 2020 WL 5944463, at *1-2 (E.D. Mich. Oct. 7, 2020); United States v. Buford, No. 05-CR-80955, 2020 WL 4040705, at *5 (E.D. Mich. July 17, 2020). In each of these cases, the courts rejected arguments like the one Jones raises regarding reinfection. As the Lawrence court explained:

> Although researchers have recently found evidence of a handful of cases of COVID-19 reinfection, the science on reinfection is unclear. See Apoorva Mandavilli, First Documented Coronavirus Reinfection Reported in Hong Kong, N.Y. Times (Aug. 24, 2020), https://perma.cc/MT6M-SW5F; Two more cases of reinfection were reported, this time in Europe, N.Y. Times (Aug. 26, 2020), https://perma.cc/N3X7-HSHZ.
>
> Current science cannot predict whether [the defendant] may be re-infected or how the disease would manifest if he was. Under similar facts, two other courts in this district recently held that "[t]he risk of contracting COVID-19 a second time and potentially developing a more severe response is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." United States v. Bland, No. 18-20555, 2020 WL 2216567, at *2, 2020 U.S. Dist. LEXIS 135481, at *4 (E.D. Mich. May 28, 2020); United States v. Buford, No. 05-80955, 2020 WL 4040705, at *5 (E.D. Mich. July 17, 2020). The information is too speculative to support a finding of extraordinary and compelling reasons.

2020 WL 5944463 at *2.

This Court will follow suit. Jones has already been infected with COVID-19 and recovered from it. The speculative risk of reinfection cannot support a finding of extraordinary and compelling reasons for compassionate release.

### III. CONCLUSION

For the reasons stated above, Jones's motion for compassionate release (Dkt. 844) is denied.

SO ORDERED.

Dated: January 26, 2021　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

3