UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MILTON BUTCH JONES,

    Defendant.
_____/

Case No. 01-80571
Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT MILTON BUTCH JONES'S MOTION FOR RECONSIDERATION (Dkt. 862)**

On December 10, 2020, Jones filed a motion seeking compassionate release on the basis that his multiple health conditions—including end stage renal failure, type II diabetes mellitus, asthma, hypertension, and obesity—rendered him high risk for severe illness from COVID-19 (Dkt. 844). After filing his motion, Jones tested positive for COVID-19. Although he subsequently recovered from the virus, Jones argued that compassionate release was still warranted because his health conditions rendered him high risk for reinfection. Def. Reply in support of Mot. for Compassionate Release at 4-6 (Dkt. 855). On January 26, 2021, the Court denied Jones's motion for compassionate release, holding that "[t]he speculative risk of reinfection cannot support a finding of extraordinary and compelling reasons for compassionate release." 1/26/21 Opinion at 3 (Dkt. 861).

This matter is now before the Court on Jones's motion for reconsideration (Dkt. 862) of the Court's opinion denying Jones's motion for compassionate release. Jones argues that (i) Dr. Tara Vijayan's declaration that "Mr. Jones remains at risk for re-infection after March 10, 2021,

90 days from his initial infection," and (ii) the Centers for Disease Control and Prevention's ("CDC's") advice that an individual becomes susceptible to reinfection 90 days after the individual's initial infection, establish errors that support reconsideration of the Court's January 26, 2021 opinion. Def. Mot. for Reconsideration at 6-8 (Dkt. 862). Notably, Jones relied on both Dr. Vijayan's declaration and the CDC's advice on reinfection in his reply in support of his motion for compassionate release. Def. Reply in support of Mot. for Compassionate Release at 5; Vijayan Decl., Ex. A to Def. Reply (Dkt. 855-1). Although Dr. Vijayan's declaration and the CDC's advice offered some support to show that Jones may be at risk for reinfection in the future, neither established that Jones was definitively at high risk for reinfection as of the Court's January 26, 2021 opinion. The Government argues that Jones's motion for reconsideration should be denied, as it "simply repeats" the arguments raised in Jones's motion for compassionate release. Gov. Resp. to Def. Mot. for Reconsideration at 4 (Dkt. 864). The Court agrees.

The Court may grant a motion for reconsideration if the movant satisfactorily shows that (i) a palpable defect mislead the parties and the Court and (ii) correcting the defect would result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." Olson v. Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Significantly, "[a] motion for reconsideration is not a vehicle to re-hash old arguments . . . ." King v. Rehnquist, No. 02-74400, 2016 WL 1391946, at *1 (E.D. Mich. Apr. 7, 2016) (citing Sault Ste. Marie Tribe v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Pursuant to Local Rule 7.1(h)(3), "the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication."

In denying Jones's motion for compassionate release, the Court expressly ruled on the issue of whether Jones's risk of reinfection could constitute "extraordinary and compelling" reasons for

2

release. 1/26/21 Opinion at 2-3. Although the Court did not expressly mention Dr. Vijayan's declaration or the CDC's advice on reinfection in its January 26, 2021 opinion, the Court considered both in reaching its decision, along with all other materials cited in the briefings and filed on the record. As a result, Jones's motion for reconsideration merely presents the same issues that the Court already ruled on, either expressly or by reasonable implication. Jones has failed to demonstrate a palpable defect by which the Court and the parties have been misled.

Jones also appears to seek reconsideration on the basis that the Court's January 26, 2021 opinion violated United States v. Jones, 980 F.3d 1098 (6th Cir. 2020). He argues that the Court's January 26, 2021 opinion violated Jones by (i) failing to address why Dr. Vijayan's opinion does not prove Jones's serious risk of reinfection and (ii) impermissibly considering § 1B1.13. Def. Reply in Support of Mot. for Reconsideration at 2 (Dkt. 866). Neither argument is persuasive.

In Jones, the Sixth Circuit described the obligation of a district court to explain its decision to grant or deny a motion for compassionate release. Pursuant to Jones, district courts are not required to "pen a 'full opinion'" in each case, but a "barebones form order" should only be used where a matter is "conceptually simple" and "the record makes clear that the sentencing judge considered the evidence and arguments." 980 F.3d at 1113-1114. Separately, Jones provided clarification regarding 18 U.S.C. § 3582(c)(1)(A)'s requirement that courts cannot grant compassionate release on the basis of "extraordinary and compelling" reasons unless a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Specifically, Jones held that U.S.S.G. § 1B1.13 is not an "applicable" policy statement for inmate-filed motions for compassionate release. Id. at 1108.

The Court's opinion denying Jones's motion for compassionate release provides a thorough explanation for the Court's denial—unlike a form order—in compliance with Jones. Further, the

3

Court only referenced § 1B1.13 in the "legal standard" portion of the opinion, for the purpose of acknowledging that the Court is not limited to the list of extraordinary and compelling reasons set forth in § 1B1.13.  See 1/26/21 Opinion at 2.

For the foregoing reasons, Jones's motion for reconsideration (Dkt. 862) is denied. Because the Court's January 26, 2021 opinion did not deny Jones's motion for compassionate release with prejudice, Jones is free to file a new motion for compassionate release in the future, should there be a change in his medical conditions relating to his risk of reinfection, or a change in other relevant circumstances relating to his risk of reinfection.

SO ORDERED.

Dated: March 4, 2021  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge