# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 18, 2022

Mr. Harold Z. Gurewitz
Gurewitz & Raben
333 W. Fort Street
Suite 1400
Detroit, MI 48226

          Re: Case No. 22-1722, *USA v. Milton Jones*
               Originating Case No. : 2:01-cr-80571-1

Dear Counsel,

  The Court issued the enclosed Order today in this case.

                                      Sincerely,

                                      s/Antoinette Macon
                                      Case Manager
                                      Direct Dial No. 513-564-7015

cc: Ms. Kinikia D. Essix
    Ms. Alyse Wu

Enclosure

No. 22-1722

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 18, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MILTON B. JONES, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: GUY, Circuit Judge.

Milton B. Jones appeals the district court's order denying his motion for a compassionate release. The district court appointed counsel for Jones, and counsel now moves to extend his appointment on appeal. Pursuant to Federal Rule of Appellate Procedure 27(c), a single judge of the court may address the motion.

In post-conviction cases, a defendant enjoys neither a constitutional nor a statutory right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). Rather, the court has discretion to appoint counsel for a particular motion. Relevant factors include the type of case, the litigant's abilities to represent himself, the complexity of the relevant legal and factual issues, and the potential merit of the underlying claim. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Here, the record contains multiple sealed documents, Jones appeals two separate orders, and he has been represented throughout proceedings over the past two years. Additionally, Jones

argues technical points on reconsideration, and the court would benefit from counseled briefing on these positions. Jones is also unlikely to be able to self-represent in a meaningful way given his multiple serious illnesses; the interests of justice support extending counsel's appointment.

The motion to appoint counsel on appeal is **GRANTED**, and Attorney Harold Z. Gurewitz's representation is extended under the Criminal Justice Act, 18 U.S.C. § 3006A.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk